Dear Representative Chandler:
You have asked this office to advise whether a full-time employee of the Louisiana Department of Transportation and Development may also hold part-time employment with LaSalle Parish as a bridge inspector.
LSA-R.S. 42:62(E) states of the Dual Officeholding and Dual Employment Law is pertinent herein and provides:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
R.S. 42:62(E) prohibits the holding of two full-time employments. The statute does not prohibit one from holding full-time employment and part-time employment under the definitions of R.S. 42:62(4) and (5), which define part-time as less than 7 hours per day and less than 35 hours per week.[1]
For the foregoing reasons, we determine that the dual-officeholding laws do not prohibit one from holding both positions. In accord are Opinions 99-368 and 92-553, copies attached.
Our opinion is limited to an examination of the Dual Officeholding and Dual Employment Laws, R.S. 42:61 et seq. Any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777. *Page 2 
The person of interest here is a state classified employee. He must be advised to contact the Louisiana Department of Civil Service to ensure that the simultaneous holding of the positions discussed is not prohibited by state civil service rules and regulations. He should forward his inquiry to Mr. Robert Boland, General Counsel, Louisiana Department of Civil Service, P.O. Box 94111, Capitol Station, Baton Rouge, LA 70804, phone 225-342-8272.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY _________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 3 
 OPINION NUMBER 99-368
78 — OFFICERS — Dual Officeholding
LSA-R.S. 42.63(E), 42:64
Concurrently holding full-time employment with the state and part-time employment with a political subdivision is not violative of the dual officeholding laws.
Mr. Jay Maiorana 123 Third Street Houma, Louisiana 70364
Dear Mr. Maiorana:
You have requested an Attorney General's opinion concerning whether Louisiana's dual officeholding laws prohibit you from concurrently holding employment with the Department of Health and Hospitals ("DHH") and part-time employment with the Terrebonne Detox Program in Houma, Louisiana.
As you state in your request, your employment under DHH is with the Office for Addictive Disorders as a full-time social service counselor for the Thibodaux Addictive Disorders Clinic. Terrebonne Detox is a parish program contracted by the Office for Addictive Disorders to provide detoxification services in that parish. Your employment with Terrebonne Detox would be limited to Saturdays to assist in substance abuse programs. In a recent telephone conversation, you clarified that, while Terrebonne Detox does contract with the Office for Addictive Disorders, no funding is provided to the former by the latter. The Terrebonne Detox program is funded solely through Terrebonne Parish.
LSA-R.S. 42:63(E) states:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Your position with the office of Addictive Disorders is considered full-time employment with the state. The proposed position with Terrebonne Detox is part-time employment with a political subdivision of the state.
Based on these facts, holding these employments simultaneously is not prohibited by LSA-R.S. 42:63(E). Moreover, the incompatibility provisions under LSA-R.S. 42:64 do not appear to apply in this instance since, as you state, no funds are exchanged between DHH and Terrebonne Detox. *Page 4 
I trust this addresses your concerns. Please contact this office should you require further assistance.
 Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ CARLOS M.FINALET, III ASSISTANT ATTORNEY GENERAL
 RPI:CMF/mjb *Page 5 
 OPINION NUMBER 92-553
78 — Officers — Dual Office Holding
LSA R.S. 42:62(4)(5)
LSA R.S. 42:63E
A full-time State Police Officer 111 may at the same time, work as a part-time police officer for the Town of Simmesport under the state's dual office holding law.
Mr. James D. Dibble Chief of Police Town of Simmesport P.O. Box 14 5 Simmesport, LA 71369
Dear Chief Dibble:
You have requested an opinion of the Attorney General regarding a dual office holding question. The facts of your request are as follows:
 You wish to employ an individual as a part time police officer for the Town of Simmesport, his work hours will be 36 hours per month. At present he is a full time state police officer.
It is our opinion that this combination does not violate Louisiana's dual office holding law. The applicable statute is LSA R.S. 42:63E, which, in pertinent part states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
As stated above, only a combination of full-time employments is prohibited. A work load of 36 hours per month is part time employment under the definitions of LSA R.S. 42:62(4) (5) which define (part-time) as less than 7 hours per day and 35 hours per week. *Page 6 
Again, the combination of positions in your request is allowed.
Trusting the above answers your questions, we remain
 Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ JAM ES M.ROSS Assistant Attorney General
 RPI/JMR:vrr
[1] R.S. 42:62(4) and (5) state:
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in appointive office or employment which is less than the number of hours of work defined in this Section as full time.